And the last shall be first. We'll hear the Baptiste v. Rohn case. Mr. Simpson Yes, Your Honor. May it please the court. I would like to reserve four minutes for rebuttal. Mr. Rohn Very well. Go ahead, sir. Mr. Simpson Andrew Simpson on behalf of Jessica Baptiste. The primary issue presented to the court today is ascertaining what is the Virgin Islands law regarding legal malpractice. How is that to be proven? There are two ways that the court can, I think, go about doing that. One is, as we have moved, to refer the matter through a certified question to the Virgin Islands Supreme Court. And the other is to what the court has set out as the method for ascertaining that law. With respect to that bank's analysis in ascertaining the law, the key issue in all of that is what is the best policy for the Virgin Islands as far as proving legal malpractice in this instance. And we submit that the method, well, first of all, we submit that the Virgin Islands, the district court of the Virgin Islands did not perform that bank's analysis. It referred to it. It cited the first two elements of that analysis. Is there Virgin Islands law discussing this? What is the majority rule? But then did not discuss the most important part of that, which is what is the soundest rule for the Virgin Islands? Ms. Lubchenco Why did it need to discuss that? Because it identified the various theories that courts use, and I think you advocated for, to use to prove the case. And then the court basically said, and the record seems to bear out, that other than the case within the case approach, the record wouldn't have supported these alternative theories like, you know, use of settlement value, for example, because there was no expert offered, or shifting the burden. And usually that only applies if the lawyer who engaged the malpractice engaged in some behavior that made it difficult for the plaintiff to prove her case. There was none of that in the record. So how could we say the district court erred when the record wouldn't have supported these other theories to begin with? Mr. Kovner Well, let's start with the last comment about the adverse impact, the malpractice having an adverse impact on the case within the case. The record clearly establishes that Ms. Lubchenco What evidence were you not able to introduce at trial that would have been available had there been a timely filing of the suit? Mr. Kovner Okay. To begin with, the evidence established that discovery was not conducted in the case below because the defendant in that case refused to engage in discovery while the motion to dismiss on statute of limitations ground was pending. There is evidence in the record, it is cited in our brief, that Ms. Baptiste subpoenaed the refinery and the employer for records and received a return on the subpoena with nothing, no records available. Ms. Lubchenco But how is that the fault of the counsel for your client at the time of the personal injury action if they didn't have any responsive records? And isn't that in part because the bus was controlled by some other entity? Mr. Kovner No, Your Honor. First of all, as a matter of law, it was established that the refinery itself owned that bus. There was an issue as to whether or not the employer controlled the bus. Ms. Lubchenco Well, that's why I used the word control. Mr. Kovner Right. But ultimately, that, I think, went by the wayside. But those were the two entities that were subpoenaed 14 years after the malpractice or 14 years after the cause of action. Ms. Lubchenco There's nothing in the record that tells us that the passage of time caused those entities to no longer have records. Nothing, I didn't see anything in the record that there was any representation. The absence of those records was due to the passage of time. Mr. Kovner No. There's certainly, I would agree with you, nothing specifically in the record establishing the reason why 14 years after the incident the records no longer existed. But I think understanding corporate law practices and understanding what would have happened to a defendant that destroyed evidence while a case was pending Ms. Lubchenco But we have no evidence of that. Mr. Kovner No, Your Honor. There is no evidence of that. Mr. Kovner I think you have an equitable argument with regard to corporate retention policies, I suppose, that most corporations have policies which say our records in this category should be destroyed in five years, in seven years, and so forth. And I presume your argument is just 14 years is unreasonable and that's brought about by the actions of Ms. Rohn or her office. Mr. Kovner Exactly, Your Honor. I think it defies belief to suggest that the records did not exist a year and eight months after the incident. Ms. Lubchenco Did you argue that to the district court judge? Mr. Kovner Yes. I don't know if I argued the year and eight months, but we certainly argued that there was the evidence there that the passage of time and the loss of the records was due. Ms. Lubchenco Well, you're not right. I've got to go back. Is there anything in the record that would have told the district court judge there was a loss of records? I understand what Judge Greenaway is talking about, about standard practices, but remember we're reading a trial court record. And so was there anything developed in the record that said there were record retention policies that existed, and because the passage of time occurred, we have no records existing? Mr. Kovner There is no evidence in the record of relating to the record retention practices. Ms. Lubchenco So this all goes back to why it is that the district court erred when it considered these arguments, looked at the record in front of Her Honor, and made a decision that these other theories could have never been presented to a jury because there was no evidentiary support for them. Mr. Kovner Those issues would not be presented to the jury. What we're arguing about is how is the case patterned to present to a jury. The jury would not be asked to determine why the records didn't exist. That's a Ms. Lubchenco I know, of course, but you're saying that we should criticize the district court for not adopting a particular theory in a case in which that theory could have never been presented. It could have never proceeded on the burden shift if you didn't have any evidence of a destruction of evidence or a loss as a result of the malfeasance of counsel. Mr. Kovner I think the evidence is there to establish that. I don't think you have to have evidence of the corporate retention policy. Ms. Lubchenco I understand that, but I'm asking how can you say the district court erred when she considered your argument? You're saying then your argument is different because you first said the district court failed on the third point of Banks because it didn't consider these other theories and which one would be in the best interest of the Virgin Islands to adopt. And so my question to you was why would the district court ever have to reach that if these other potential theories would have never had sea legs in your case? Mr. Kovner Right. And I Ms. Lubchenco So how can we say that my point is how did the district court err by not picking a theory that you couldn't support? Mr. Kovner Well, first of all Ms. Lubchenco The only one I could support is case within a case in this case. Mr. Kovner Okay. So first of all, we're talking about the soundest rule for the Virgin Islands, and that is not case dependent. And so now you're at next so you're going further and saying in this particular case the court didn't need to reach that. Ms. Lubchenco Correct. Mr. Kovner Okay. First of all, I think the evidence was there for the court to decide and it was argued to the district court. It's presented in the joint final pretrial order that the corporate defendants had been subpoenaed and returned non-responsive documents or non-responses at all. Then there's also the fact that the Supreme Court of the Virgin Islands in the Alexander funding case says that the loss of a case by statute of limitations is in of itself actual injury. So we don't need – it's our contention that that alone is a way to proceed forward with the case, and that's based upon Virgin Islands law. It's dicta, I think, because it's stated in the context of a standing analysis, but I think it's a very clear indication of where the Virgin Islands Supreme Court would go with this. Roberts That just sounds like professional misconduct. That's the beginning, isn't it? I mean, you still have to show that you suffered a loss as a result of the professional misconduct. Kagan The Virgin Islands Supreme Court in the Alexandria funding case said Roberts Negligence alone is sufficient? Kagan Pardon me? Roberts Negligence alone is sufficient? Kagan No, said that in the specific context of a legal malpractice case where the malpractice is the loss of a right due to the missing of the statute of limitations, the specific context of the case we have here, that that alone is a loss. Roberts Sounds like professional misconduct. Kagan Negligence. And in fact, they say, I keep calling it Alexandria, it's Arlington, I apologize. They actually say Arlington suffered an injury when the statute of limitations lapsed. Roberts Did you try to present evidence of the actual loss or injury? Kagan Yes, Your Honor, and there's evidence in the record of the injury that my client suffered as a result of the malpractice, which she was not permitted to recover from based upon the theory adopted by the Court. Kagan Because, well, the theory that almost every jurisdiction adopts, which is the case-within-a-case approach, which says you've still got to satisfy, you know, duty, breach, proximate cause, and damages, and they didn't find that the damages she sustained were caused by the legal malpractice. By inference, they didn't think that the jovensa entities caused her any injury. So you're asking us to read out a causal connection between the lawyer's conduct and the injuries sustained. Roberts I'm asking that – I think what this really boils down to is a plaintiff should be allowed to present their case in the manner they choose. In a discrimination case, a plaintiff may pursue a disparate impact theory, they may pursue a direct  case, they may pursue an indirect evidence theory. There are a variety of ways of proving that case. Same thing in a slip-and-fall. You might go with constructive discharge, you might go with constructive notice, you might go with actual notice, you might go with a mode-of-operation theory. One of our theories is that the settlement value of this case was damaged by the malpractice. Kagan But how do you make that argument the settlement value? The settlement value was diminished by the malpractice. The settlement value as established by the letter is $1.5 million as an opening offer. Which is one of the issues on appeal, obviously. I disagree. As we explained in the brief, that's a very narrow exclusion. Let's put aside 408 for a moment. I'm not sure it has much traction, but I'm just one of three. Let's focus on the substance. You didn't put an expert in. You didn't do anything to try to establish a value. As I understand it, you relied exclusively on the letter. With the letter gone, then I presume you'll concede that there's nothing in the record to support an award, and if so, what is it? What is in the record that supports the notion that she sustained a loss? There was Ms. Baptiste's own testimony in the record that she was told by Attorney Rohn that the case was worth millions. That's before it was dismissed on statute of limitations grounds. So there was other evidence. But more importantly, there's still, under the Arlington case, there is presumed, not even presumed, actual damages. There is actual damages by the loss of the right. And there is emotional distress damage that flows from that loss of right, and there was testimony in the transcript as to that. I believe it was appendix pages 525, 524, right in there abouts. If I'm wrong, I'll submit a 28J letter on that. But she described how she was distraught, how she was upset at the loss of her right. And that is compensable. The Supreme Court says, you lose your case by statute of limitations. You have suffered an injury. That's injury right there. That's nominal damages. And on top of that, which entitles you to attorney's fees. And on top of that, you've got actual damages in the form of emotional distress. What jurisdiction has accepted that, not indicative, but actually has accepted it as a holding? There's two cases cited in the Arlington funding case. The King v. Jones case from the Oregon Supreme Court in 1971, which says actions a party takes after losing that right, for instance, entering into a settlement agreement with a defendant in a time-barred suit, do not eliminate the injury, which is the injury from the loss of the right. And the Drury v. Butler case... Was that statement merely sort of an entree to other evidence being admissible? Or are you saying that that support for the notion that all you need, as was stated in Arlington, your representation of Arlington, is sort of a broad statement that, yeah, there are damages? What did that King case say about that specifically? I think what it's saying is that even if Ms. Baptiste had settled the case with the refinery after the malpractice, she would still have a cause of action for malpractice, because that settlement doesn't eliminate her injury, her actual injury. Was that Oregon case out of the Supreme Court of Oregon? Because the Supreme Court of Oregon case law that we checked says it's a case within a case jurisdiction. That's out of the Oregon Supreme Court. That's what my notes reflect, and they should be accurate. And you said there was a second case that stood for this proposition, the mere failing to file a timely suit? Yes. And that's also cited in the Arlington case with approval. It's Drury v. Butler. It's a Massachusetts Supreme Court case from 1898, I believe. And it says, prima facie, the loss of such a right would cause him damage, and it's referring to the loss of the lawsuit by satchel notations. I can see, Mr. Lawrence, why Hovenzo was very reluctant to settle a case like this, because this accident happened on a bus, according to the testimony that I had a chance to look at. It happened on a bus that had been leased from Hovenzo. And according to the testimony under that lease, Jacobs, I think was the lessee, was responsible for the maintenance of the bus. And they are the ones that replaced the plank on the bus that caused the accident. Jacobs, if I'm not mistaken, is the employer of the bus? That's correct, Your Honor. And so there would have been a satchel notations bar. Well, if you follow that thought, this is really a workers' compensation case. If proven, that would be the case. But Hovenzo, there was a theory for ownership of liability based upon ownership. That was the original. Did you say joint ownership? No, no, for liability based upon ownership. Hovenzo is the owner of the... Not just ownership, but there was a lease between Hovenzo and Jacobs in which Jacobs assumed all maintenance responsibility for the bus. And there was disputed testimony as to the nature of that responsibility. And again, that goes into the whole shifting of the, you know, if the burden of proof is shifted, which we think is one method that the version on the Supreme Court could adopt, that would be, you know, that would not automatically mean that the defendant would have won in that case. Well, of course, if this is a workers' compensation case, the import of that settlement letter is of no consequence, is it? If at the end of the day, they were able to prove that Jacobs owned the, or Jacobs had all control and Hovenzo had nothing to do with it, I would agree with you. That has not been the pattern in practice of cases in the Virgin Islands where an employee of a contractor is suing Hovenzo or Hovic. The cases are Legion where Hovic was found liable in situations where it claimed that someone else had control. So, you know, if the jury had answered that specific question, but again, you know, we come back to, it was disputed whether or not that was even a part of the case because the affirmative defense. I thought it was because that's where I got the information from. Well, it was. Extracts of testimony. It was disputed because the Hovenzo or Hovic, excuse me, Hovic answered the complaint. It admitted ownership. And the case on the malpractice case started out with Ms. Baptiste is going to lose because we're going to prove that Hovenzo did not own that vehicle. We're going to prove that Jacobs did. And when the answer to the complaint got entered into evidence and we established that Hovic had admitted that it owned the vehicle, then we faced a changing theory that, oh no, Jacobs controls it. And again, this demonstrates the prejudice that occurs when we're trying to prove a case within a case against the attorney who originally represented my client has access to her confidential information. It's actually your client's confidential information, right? Yes. So you can't really say that because you can say give me my client's file back, right? Yes. But I can't get back what my client told Attorney Rohn in a meeting with Attorney Rohn. And I can't take that information out of Attorney Rohn's head. She is put in a better position defending my client's claim in the case within the case than Hovic was. So your position is that you think the rule should be as soon as a plaintiff identifies, I think as Judge Fuentes would say, sort of a violation of the rules of professional conduct, i.e. failing to timely file an action, immediately the defendant needs to prove that it didn't cause an injury. You want us to kind of turn upside down traditional negligence principles. I think that's one way of proving it. What I really think needs to, what I really think the rule it should be is that the plaintiff controls the case and presents it in the theory that they want to present it in. Malpractice has so many different permutations to it. You obviously can't apply a case-within-a-case scenario to a botched real estate transaction or Well, that's a good question. Right. Do you have the rules of action? Well, no. Actually, it comes down to the same basic thing. Duty, breach of duty, causation, and damages. And damages. Go ahead. I'm sorry. When it came to damages, I think that's, I suspect that's where you might have fallen because you could not get the settlement letter introduced into evidence. But why couldn't you show damages? I mean, she had an accident. She slipped and fell. She did not see a doctor. They should not get treatment. You could not get any of that information in? No. Maybe you chose not to, but it seems to be the simplest way to show statute of limitations caused the failure of your case. And if it had been presented in time, you would have shown these damages. No. There was ample evidence of her damages in the underlying case. She testified to it in the Virginia Supreme Court. I can't remember the name of the case now, but in the last two years, came out with a decision that says a plaintiff's testimony as to their injuries is sufficient to establish the damages. And there was ample evidence of the damages she sustained. We stopped trying to argue for damages after a particular time. I think it was around 2009, because she had a confounding injury and we didn't want to confuse that. But she testified as to her immediate injury and her ongoing problems and her efforts to get help for those problems. So all of that is in the case. That's in the record. You failed anyway. Pardon me? You didn't succeed anyway. I did not succeed anyway. And I think it's because the way that we were forced to prove the case. All right. Thank you so much. Thank you. Thank you, Mr. Simpson. I missed. I called you by the wrong name before. It's Simpson. I've been called worse. Ms. Lawrence. Good afternoon. Yes, good afternoon. Raelle Lawrence on behalf of the defendant, Lee J. Roan. In this particular case, the malpractice was missing the statute of limitations by one day. And what the case within the case method of the district court employed did was basically act as if that malpractice never happened. And it gave Ms. Baptiste her chance to prove her underlying case before a jury. And that jury heard the case as if it was Jovenza that was the defendant in the case. And the jury determined that there was no liability on the part of Jovenza. Let me ask you this question. So in that particular instance, weren't her hands tied in that she didn't have access to all of the evidence that she would've had Attorney Roan taking the case to trial or gotten past the motion, you know, whatever stage you want to talk about? Yeah, and we've heard this discussion that there was some sort of loss of evidence or there was evidence that wasn't procured. There was a subpoena served on Jacobs, IMC, and Jovenza. There was a proof of service that these subpoenas were served. That means that those entities were existing enough that they were able to serve these subpoenas. What happened was there was no further action taken on the part of plaintiff. And if it was the case that there was no answer from Jacobs, IMC, or Jovenza, there's a procedure we follow in court. It's called an order to show cause, why these entities should not be held in contempt of court. There was nothing done with regard to trying to ensure that those entities responded to those subpoenas. So as part of the case, within the case analysis, the burden is then put on the plaintiff not to just show theoretically what her case would be, but to have then at the point in time where they disengage the lawyer that's alleged to have engaged in legal malpractice. They then have to hire someone to go through all of the discovery and other matters leading up to it so that when they present the case within a case to the court on a legal malpractice claim, the judge has all of the information that would have otherwise have been obtained. Well, that's the whole point. You're having an opportunity to have your case against Jovenza, but for the malpractice. So in other words, we're putting the plaintiff back in the position she would have been had the statute of limitations never been met. And the jury heard all of the evidence against Jovenza that was presented by the plaintiff and presented by the defendant. And, in fact, there were Jovenza witnesses that testified. Could you tell me what the jury was asked to decide? They were asked to decide whether or not Jovenza was negligent as an element of the legal malpractice case, that the causation element of the legal malpractice case requires the plaintiff to prove that, but for the lawyer's negligence, she would have had a recovery. Is it the case that they said no? I'm sorry? They said no? And Jovenza said no. They said there was no liability on the part of Jovenza. Therefore, the plaintiff could not have recovered. There was no fault on the part of the attorney in this case, attorney Rohn, because Jovenza had no liability. In other words, there was no speculation. This whole expert, and there were no experts declared in this case at all, which is a fundamental reason why the district court didn't even entertain those other theories, because her statement was, you have disclosed no such experts. Therefore, how can I permit you to pursue that theory? And not only were the experts not disclosed, there was no request for an extension of time to disclose these experts. There was none of that in the record. I guess there was just no reason to go into damages, if I'm not mistaken. Yes, there was. I know I heard Mr. Simpson say we didn't get a chance to introduce evidence as to loss. But if it was decided on liability alone and the jury said no, then there wouldn't have been any relevance to the letter concerning settlement. Exactly. But that's how we've argued. Is that there was a jury trial against Jovenza, as if none of this malpractice ever happened, and the jury determined there was no liability on the part of Jovenza. And that's critically important here, because specifically in the context of these cases where the statute of limitations was missed, it's an easy case to apply the case within the case method, because you just ignore the malpractice, have your day in court, which the plaintiff in this case was able to do. And with regard to the shifting of the burdens of proof, the questioning that has been presented to the appellant so far is correct. There was zero evidence developed in the record that there was any witnesses that could not have been found. And we put on, the defendant, Attorney Rohn, put on witnesses from Jovenza who testified as to the fact that Jacob's IMC controlled the bus. Attorney Moss testified that Jovenza was not going to offer a dime, because they realized that they did not control the bus, and therefore, they had no liability in this case. You can't just speculate as to what the case would have settled for when there's evidence from the attorney for Jovenza that said, we weren't going to settle anyways, because we knew there was no evidence to support our liability. During the course of the trial, did the defendants attack the validity or the bona fides of the plaintiff's personal injury claim? I'll tell you why I'm asking that. What makes this unusual is the defendant in this particular case was a lawyer who signed a pleading that said, there's a good faith basis in law and fact for the personal injury action. Fast forward however many years, 14 years later, we're trying the malpractice case. That same lawyer now is, presumably through its advocate and perhaps through testimony, saying actually that case was not a valid cause of action to bring or wasn't worth anything. Should that be problematic? Well, Your Honor, that's a Rule 11 issue. Exactly. Rule 11? But that's not what we're here for. I know, but the reason why I ask it is, does that feed into any kind of support for the defense theory that should be the malfeasance counsel's responsibility to show why the case is worthless? Well, Your Honor, at the time, most pleadings are filed. You have a very limited record. Because specifically with Hovenza, if they know they're going to be sued, they're not going to turn over anything to you. So the idea that Attorney Roland would have information as to exact workings of a lease agreement, you wouldn't have that document before you file. You're going to go on your plaintiff's representation of what occurred, file your case, and then discovery will flush out what's going to happen. Yeah, but the point is this. With regard to your Rule 11 obligations, every time you file, you're making a good faith representation that there is a reasonable basis for the filing of this lawsuit. So that would mean that that essentially becomes a nullity and can't be used in any way in the future. Because based on what you've just said, you'd say, well, that's a snapshot in time, very early in the case. Then, inevitably, despite the fact that I engaged in legal malpractice, I didn't think so much of the case later on. I had this concern as well. When you have your Rule 11 obligations, you try to comply with those, and then it seems that you're able to, under the case-by-case, case-within-a-case, essentially run away or hold yourself separate from that representation that you made at the beginning of the case. Doesn't that speak to why maybe one of the alternatives suggested by counsel should be used? Your Honor, how many cases are filed in court every day where representations are made by the attorney in the pleading, and there's a jury finding that there's no liability? What you're saying, therefore, is that what you file at the beginning of the case can undermine an ultimate jury finding that there was no liability. That can't happen. Because then why would you, why would an attorney take on the liability of even filing a pleading in the case, right, if it's going to end up being used against you to undermine a jury finding that there was no liability? People file cases all the time, and they lose those cases. That's the point of using the case-within-the-case method to permit you the opportunity to try your case, as if the malpractice never happened. Did Ms. Roan testify? She did. Was there any cross-examination on this subject that Judge Greenwyer asked me about, whether Ms. Roan, didn't you sign a pleading that said this case had legs? I don't believe there was, and if there, actually, I believe that the district court allowed the testimony, and Attorney Roan stated that she was going under representations of her client over and over again. Because that's what you do, specifically where you're under the gun for an SOL issue. And you don't have all of the, you won't have corporate documents at your disposal before you file a plea, the client's representations. And based on the client's representations, if those actually bore out, you would, therefore, say, yeah, there's a reasonable basis. What happened is the client's representations that led to the filing of that complaint didn't actually bear out. That's the difference here. And I don't see how we can just substitute a jury verdict finding that there's no liability based on a pleading that was filed in 2002, which would be governed by Rule 11 standards, which would be sanctions or some other mechanism versus, oh, you're now liable for malpractice. That can't be the way the law is. With regard to the loss of the right to sue issue that counsel discussed based on the Arlington funding case, the loss of the right to sue is an alternate claim of liability. That was never pled. It was never pled in this case. Not only was it not pled, there were no experts to establish what that loss of a right to sue, that's just pure speculation. If you want to determine what the loss of a right to sue is, you would need to have some way of quantifying that to the jury. That would require expert testimony. Ms. Baptiste can't just say, oh, the loss of my right to sue was never disclosed in this case. And it was never pled in this case. And if it was pled, then the defendant, the appellee at this stage would have had notice to be able to then counter those claims, get evidence to refute those claims, and also get experts to establish, no, this is the loss of a right to sue and a claim on a case where there was no liability. And if the court, unless there's any other questions that you have for me, with regard to the settlement demand letter, I believe our position is very clear that the district court did not abuse its discretion in excluding that. I think the rule 408 is crystal clear that you cannot use that as your basis of damages. Thank you. Thank you. Several points made that I'd like to respond to. At page 991 of the appendix in the footnote, there is a direct statement about the subpoena response, the fact that there were no responsive documents to the subpoena served 14 years after the case was dismissed, or after the incident. There's a couple of things that were different about this case that wouldn't have happened in the actual trial against Hovenza. Attorney Rohn wouldn't have testified, and Hovenza's attorney wouldn't have testified. That gives an example of how the case within the case paradigm really doesn't work and didn't work in this situation. It's why we should have been able to proceed under other avenues. We should have been able to proceed under other avenues. I think she should have been able to prove the loss in value of her case, which, along with that, includes the damage caused by the malpractice itself. In other words, I think the Arlington funding case makes very clear that she has established malpractice and damages by the loss of her case due to the statute of limitations. She testified as to her damages, and I was correct, pages 525, 526, and 529 of the appendix. But she was able to prove liability on the part of Hovenza, and she was able to prove, like any ordinary personal injury case, that she was injured and the nature and extent of her injuries. What – where were you – where was the case prejudiced? She was forced to try to cross-examine her own former attorney. That was evidence that wouldn't have been in the underlying case against Hovenza had it proceeded without malpractice 14 years earlier. What could be better than cross-examining your lawyer? Pardon me? What could be better than cross-examining your lawyer? Oh, my goodness. And you get a free reign at Hovenza's lawyer? You know, every lawyer in here is smiling. Very few litigants want to have to cross-examine their own lawyer when they're trying to prove a claim against that lawyer, Your Honor. I think that – I think anyone who would want to have that handicap added to their case would not be a very effective advocate. I think that would be a major mistake to want to have that happen. In terms of having her testifying as to how the underlying case would have gone. Cross-examining her about her malpractice, sure. But having her testifying about facts about the underlying case where she has knowledge that you don't have because of the passage of time, you have a – You could have deposed her, right? Yes. I assume you did, right? I don't even remember. I assume I did. So there were mechanisms by which plaintiff could distill, obtain information that formal counsel was going to testify about. So you had all that available. I think that Judge Fuente's point that he was making to you is the client had an opportunity to prove the personal injury action. The jury said, no cause. And the client shouldn't have had to do that, Your Honor. Under the Virgin Islands Supreme Court decision, Arlington funding, the client should not have had to do that. She established malpractice. And by establishing, without question, misstatement of limitations, loss of her case, she established damages. If it was only $1, she was entitled to that. She was entitled to a judgment saying her attorney committed malpractice. She wasn't given that. She was entitled to prove the damages that flowed from the loss of that cause of action. And that evidence is in the record that the emotional distress she suffered. And she was entitled to recover attorney's fees for it as well. So that alone, just right there. Anybody in that case dispute that she committed malpractice? It seemed like a slam dunk. Actually, she never admitted malpractice because of the way the case is presented. But you don't get the jury doesn't even get to answer that question if you don't present the case, you don't prevail under the underlying case. Everybody in that courtroom knew that she missed the statute of limitations. No question about it. But she doesn't have a judgment. She doesn't have a judgment for that because under the case within the case, the court said we don't even get an answer to that if you don't prove the underlying case. But the problem with your theory that this person should be able to simply say because of the statute of limitations was missed, I was unable to recover, presumes there was a cognizable cause of action for which recovery would have been available. And in order for that fact finder to have the links in the chain, that plaintiff still would have to show, and I had a cognizable cause of action. Otherwise, there would be no loss that you could link to the missed statute of limitations. She had a cognizable cause of action. It was never dismissed on grounds that it failed to state a claim. She had a cognizable cause of action. And the Supreme Court of the Virgin Islands said in Arlington Funding, the loss of that right, she lost her litigious right when that happened. All right. Thank you very much. Thank you. Thank you, counsel, for a case that was well argued. We'll take the case under advisement. And I believe we're adjourned.